# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

KENTON SHERWOOD,

                              Plaintiff,                  9:17-cv-00899 (BKS/TWD)

v.

RICHARD SENECAL,

                              Defendant.

---

**Appearances:**

*Plaintiff pro se*:
Kenton Sherwood
Otisville Correctional Facility
57 Sanitorium Avenue
Otisville, New York 10963

*For Defendant*:
Letitia James
Attorney General of the State of New York
Nicholas L. Zapp
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Kenton Sherwood, proceeding pro se, brought this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. against several defendants. Following initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the sole claims that remained were against Defendant Richard Senecal for violations of Plaintiff's First Amendment right under the Free Exercise Clause and

RLUIPA while he was incarcerated at the Bare Hill Correctional Facility.[1] Defendant moved for summary judgment, (Dkt. No. 25), under Rule 56 of the Federal Rules of Civil Procedure on the grounds that (1) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") before filing his complaint; (2) Defendant is entitled to judgment as a matter of law on Plaintiff's First Amendment Free Exercise Clause claim; and (3) Plaintiff's RLUIPA claim is moot and otherwise fails as a matter of law. (Dkt. No. 25-1). Plaintiff responded, (Dkt. No. 30), and Defendant replied. (Dkt. No. 33). The matter was referred to Magistrate Judge Thérèse Wiley Dancks, who issued an Order and Report-Recommendation recommending that Defendant's motion for summary judgment be granted in part and denied in part. (Dkt. No. 37).

Both sides have objected to the Report-Recommendation. (Dkt. Nos. 38, 39). For the reasons set forth below, the Report-Recommendation is adopted.

## II. STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's

---

[1] Plaintiff was transferred from Bare Hill to Otisville Correctional Facility on April 5, 2018. (Dkt. No. 25-2, at 115; Dkt. No. 25-3, ¶ 3).

2

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

III.     DISCUSSION

    A.      **Plaintiff's Exhaustion of Administrative Remedies Under the PLRA**

Magistrate Judge Dancks recommended summary judgment be denied to Defendant Senecal on exhaustion grounds. (Dkt. No. 37, at 14). Magistrate Judge Dancks found that while "Plaintiff failed to his exhaust his administrative remedies with respect to his claims against Senecal," exhaustion "was unavailable to Plaintiff" after the Central Office Review Committee ("CORC"), the committee that conducts final review of prisoner grievances, received Plaintiff's final appeal but failed to respond within the time set forth in the applicable regulations. (Dkt. No. 30-4, at 9; Dkt. No. 37, at 6–14). Plaintiff commenced this lawsuit on August 16, 2017, 69 days after the CORC's 30-day deadline had expired. (Dkt. No. 1; Dkt. No. 37, at 10). In making this finding, Magistrate Judge Dancks acknowledged that "[c]ourts within the Second Circuit are split regarding whether a failure by CORC to timely respond to an appeal constitutes unavailability excusing a failure to exhaust." (Dkt. No. 37, at 11). After considering the relevant caselaw, including *Ross v. Blake*, 136 S. Ct. 1850 (2016) and *Williams v. Priatano*, 829 F.3d 118

3

(2d Cir. 2016), Magistrate Judge Dancks found *Rodriguez v. Reppert*,[2] *High v. Switz*,[3] and *Bell v. Napoli*,[4] all of which found the CORC's delay in issuing a timely decision rendered exhaustion unavailable, to be "well-reasoned and applicable to the issue of the availability of exhaustion in this case." (Dkt. No. 37, at 11–14).

Defendant objects to Magistrate Judge Dancks's reliance on this caselaw and cites to *Berkley v. Ware*,[5] *Staples v. Patane*,[6] and *Rodriguez v. Heit*,[7] as "recent authority," which he claims supports his assertion that exhaustion was available notwithstanding the CORC's delay in issuing a decision beyond 30 days. (Dkt. No. 39, at 3–4). Having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks, and finds the analysis in *Mayandeunas v. Bigelow*,[8] *Lovell v. McAuliffe*,[9] *Yates v. Smith*,[10] *High*, and *Bell* persuasive here.

The PLRA mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). In *Ross*, the Supreme Court explained that:

---

[2] No. 14-cv-671, 2016 WL 6993383, 2016 U.S. Dist. LEXIS 165191 (W.D.N.Y. Nov. 30, 2016).

[3] No. 17-cv-1067, 2018 WL 3736794, 2018 U.S. Dist. LEXIS 114403 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom. High v. PA Switz*, No. 17-cv-1067, 2018 WL 3730175, 2018 U.S. Dist. LEXIS 131446 (N.D.N.Y. Aug. 6, 2018).

[4] No. 17-cv-850, 2018 WL 6506072, 2018 U.S. Dist. LEXIS 208503 (N.D.N.Y. Dec. 11, 2018).

[5] No. 16-cv-1326, 2018 WL 3736791, 2018 U.S. Dist. LEXIS 113521 (N.D.N.Y. July 6, 2018), *report and recommendation adopted*, No. 16-cv-1326, 2018 WL 3730173, 2018 U.S. Dist. LEXIS 131445 (N.D.N.Y. Aug. 6, 2018).

[6] No. 17-cv-0703, 2018 WL 7361009, 2018 U.S. Dist. LEXIS 207971 (N.D.N.Y. Dec. 7, 2018), *report and recommendation adopted*, No. 17-cv-0703, 2019 WL 757937, 2019 U.S. Dist. LEXIS 26563 (N.D.N.Y. Feb. 20, 2019).

[7] No. 16-cv-706, 2018 WL 3121626, 2018 U.S. Dist. LEXIS 55891 (N.D.N.Y. Mar. 30, 2018), *report and recommendation adopted*, No. 16-cv-0706, 2018 WL 2316687, 2018 U.S. Dist. LEXIS 85164 (N.D.N.Y. May 22, 2018).

[8] No. 18-cv-1161, 2019 WL 3955484, 2019 U.S. Dist. LEXIS 142452 (N.D.N.Y. Aug. 22, 2019) (Suddaby, C.J.).

[9] No. 18-cv-0685, 2019 WL 4143361, 2019 U.S. Dist. LEXIS 74402 (N.D.N.Y. May 1, 2019), *report and recommendation adopted*, No. 18-cv-0685, 2019 WL 4142593, 2019 U.S. Dist. LEXIS 147890 (N.D.N.Y. Aug. 30, 2019).

[10] No. 17-cv-1227, 2018 WL 4635715, 2018 U.S. Dist. LEXIS 116276 (N.D.N.Y. July 11, 2018), *report and recommendation adopted*, No. 17-cv-1227, 2018 WL 3727357, 2018 U.S. Dist. LEXIS 131450 (N.D.N.Y. Aug. 6, 2018).

> [t]he exhaustion requirement hinges on the "availabl[ity] of administrative remedies. An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones . . . [A]n inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of."

136 S. Ct. at 1859–60 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). The Supreme Court highlighted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Williams*, 829 F.3d at 123 (quoting *Ross*, 136 S. Ct. at 1859). First, "an administrative remedy may be unavailable when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* at 123–24 (quoting *Ross*, 136 S. Ct. at 1859). Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860). For the reasons described below, the Court finds that Plaintiff has established unavailability under *Ross*.

Here, Plaintiff's appeal to the CORC was received on May 9, 2017. (Dkt. No. 30-4, at 9). Although the CORC had 30 days to decide the appeal, 7 N.Y.C.R.R. § 701.5(d)(3)(ii), the CORC did not render its decision until over a year later, on June 20, 2018. (Dkt. No. 25-5, ¶ 14). Plaintiff waited 69 days past the CORC's 30-day deadline to respond before initiating this lawsuit. (Dkt. No. 1).[11]

---

[11] The CORC did not inform Plaintiff that it received the appeal until well into this litigation. (Dkt. No. 30-4, at 9; Dkt. No. 25-2, at 84). Under the regulations, if "a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the [Inmate Grievance Program] supervisor in writing to confirm that the appeal was filed and transmitted to CORC." 7 N.Y.C.R.R. § 701.5(d)(2)(i). Defendant has not cited to or relied on this regulation; Defendant's argument is based entirely on Plaintiff's failure to wait for the CORC's decision. *See Reppert*, 2016 WL 6993383, at *2, 2016 U.S. Dist. LEXIS 165191, at *4 (finding the defendants' argument under 7 N.Y.C.R.R. § 701.5(d)(2)(i) waived where they failed to raise it until their reply brief). In any event, the CORC had received the appeal and § 701.5(d)(2)(i) does "not provide an avenue for an inmate to pursue when the

As Magistrate Judge Dancks noted, an inmate must exhaust all levels of the inmate grievance process even if he does not receive a timely response from the Inmate Grievance Resolution Committee ("IGRC") or the superintendent. *See Shaw v. Ortiz*, No. 15-cv-8964, 2016 WL 7410722, at \*3, 2016 U.S. Dist. LEXIS 178672, at \*9 (S.D.N.Y. Dec. 21, 2016) ("[I]f a plaintiff does not receive a response from the IGRC, he normally must file an appeal with the prison superintendent and then with the CORC to fully exhaust his grievance."); 7 NYCRR § 701.8(g) ("If the superintendent fails to respond within the required 25 calendar day time limit the grievant may appeal his/her grievance to CORC."). And "[a]bsent [an] extension, matters not decided within the time limits may be appealed to the next step." 7 N.Y.C.R.R. § 701.6(g)(2). But it is not clear whether the language in § 701.6(g)(2) "applies to the CORC, and if so, what the 'next step' is." *Bell*, 2018 WL 6506072, at \*5, 2018 U.S. Dist. LEXIS 208503, at \*12. The regulations "'do not describe a mechanism' for appealing or advancing a grievance when a grievant does not receive a response from CORC." *High*, 2018 WL 3736794, at \*5, 2018 U.S. Dist. LEXIS 114403, at \*11 (quoting *Williams*, 829 F.3d at 124).

In *Bell*, the plaintiff filed suit 38 days after the period in which the CORC was required to respond had expired (less time than the 69 days that elapsed here). *Id.* at 5. Moreover, as here, the plaintiff's appeal had been received by the CORC. The court concluded, citing *Ross* and the Second Circuit's decision in *Williams*, that administrative exhaustion was unavailable to the plaintiff. 2018 WL 6506072, at \*7, 2018 U.S. Dist. LEXIS 208503, at \*18 ("The 'next step' after the CORC may be a federal action. However, if the 'next step' language does not apply to the

---

CORC fails to respond within the timeline mandated under the rules." *Yates*, 2018 WL 4635715, at \*6, 2018 U.S. Dist. LEXIS 116276, at \*13 (citing 7 N.Y.C.R.R. § 701.5(d)(2)(i)); *see also Bell*, 2018 WL 6506072, at \*7, 2018 U.S. Dist. LEXIS 208503, at \*17 (noting that "[c]ontacting the IGP would not have changed the situation in this case because the response to plaintiff's inquiry would simply have been that the CORC did receive the appeal. The 30 days within which the CORC had to answer plaintiff's grievance would already have run without extension").

CORC's decision, an inmate who never receives a decision from the CORC . . . will be unable to exhaust administrative remedies."); *see also High*, 2018 WL 3736794, at *5, 2018 U.S. Dist. LEXIS 114403, at *11 ("[T]here is no instruction on what a grievant is to do if he or she has appealed to the CORC, the final step, and has not received a response . . . . As such, these regulations 'do not describe a mechanism' for appealing or advancing a grievance when a grievant does not receive a response from the CORC, as there is no next step to which a grievant may appeal." (citing § 701.6(g)(1)(b)(ii); quoting *Williams*, 829 F.3d at 124)).

In *Mayandeunas*, 2019 WL 3955484, 2019 U.S. Dist. LEXIS 142452, confronted with the split of authority on unavailability among this Circuit's district courts, Chief Judge Suddaby found that "a failure by CORC to timely decide an appeal for a period of 134 days render[ed] a prisoner's administrative remedies unavailable for purposes of *Ross*," *id.* at *3, and explained that "at some point CORC must face the consequences of its delays." *Id.* at *5; *see also Lovell*, 2019 WL 4143361, at *6–7, 2019 U.S. Dist. LEXIS 74402, at *13–15 (finding "exhaustion remedies unavailable" where "CORC failed to respond to [the plaintiff's] grievance until five months after he filed the within lawsuit").

The Court agrees with this caselaw and, having reviewed Defendant's objection *de novo*, finds that administrative remedies were unavailable to Plaintiff after the CORC failed to render a timely decision on his appeal. The Court therefore adopts and Report-Recommendation and denies Defendant's motion for summary judgment based on a failure to exhaust.

### B. Plaintiff's First Amendment Free Exercise Clause Claim

Magistrate Judge Dancks recommended that summary judgment be denied on Plaintiff's First Amendment Free Exercise Clause claim, finding that the evidence in this case raises "a genuine issue of fact regarding whether" Plaintiff's religious beliefs were substantially burdened

7

when he was "forced to abandon wearing his [religiously-mandated] crown" for 38 days. (Dkt. No. 37, at 19).

Defendant objects to the Report-Recommendation, arguing that an "'isolated' occurrence that is 'not a systematic problem or policy' and that does 'not prevent [a plaintiff] from practicing his religion in other ways' is a 'de minimis, or insubstantial burden on an inmate's ability to freely exercise his religion." (Dkt. No. 39, at 2 (quoting *Smith v. Graziano*, No. 08-cv-469, 2010 WL 1330019, at *9, 2010 U.S. Dist. LEXIS 33811, at *30 (N.D.N.Y. Mar. 16, 2010), *report and recommendation adopted*, 2010 WL 1332503, 2010 U.S. Dist. LEXIS 33878 (N.D.N.Y. Apr. 6, 2010))). The Court disagrees.

Defendant's argument is undermined by the Second Circuit's opinion in *Brandon v. Kinter*, which post-dates Magistrate Judge Dancks's Report-Recommendation in this case. No. 17-cv-911, 2019 WL 4263361, 2019 U.S. App. LEXIS 27211 (2d Cir. Sept. 10, 2019). In *Brandon*, as here, the plaintiff challenged isolated incidents rather than "a prohibition pursuant to" a broader policy. (Dkt. No. 39, at 2). In *Brandon*, the Second Circuit rejected the defendants' argument—like the one Defendant makes here—that serving a Muslim prisoner pork for only 10 meals "did not constitute a substantial burden." *Brandon*, 2019 WL 4263361, at *10, 2019 U.S. App. LEXIS 27211, at *28. The court explained, albeit in the context of religious meals, that "a small number of noncompliant meals—even a single violation—can be a substantial burden." *Id.* at *24; *see also Ford v. McGinnis*, 352 F.3d 582, 593–94 (2d Cir. 2003) (Sotomayor, J.) (denying summary judgment and finding a substantial burden on a prisoner's religious beliefs where he was denied the Eid ul Fitr feast, held once a year, to commemorate the conclusion of Ramadan); *Holland v. Goord*, 758 F.3d 215, 218 (2d Cir. 2014) (forcing a prisoner on one occasion "to provide a urine sample by drinking water during his [religiously-mandated] fast . . .

8

placed a substantial burden on [his] religious exercise"); *Skates v. Shusda*, No. 14-cv-1092, 2016 WL 3882530, at *3, 2016 U.S. Dist. LEXIS 71446, at *12 (N.D.N.Y. May 31, 2016), *report and recommendation adopted*, No. 14-cv-1092, 2016 WL 3824342, 2016 U.S. Dist. LEXIS 90519 (N.D.N.Y. July 13, 2016) (finding that a single "isolated incident" of denying prisoner a special meal bag was a substantial burden (citing *William v. Does*, 639 F. App'x. 55, 56–57 (2d Cir. 2016))).

The reasoning in *Brandon* applies here. Viewing the evidence in the light most favorable to Plaintiff, during and following the alleged incident with Defendant Senecal, Plaintiff spent 38 consecutive days without his crown. Plaintiff, furthermore, testified that it is "mandatory that I keep [the crown] on at all times." (Dkt. No. 25-2, at 27). Otherwise, "evil can come amongst you when you expose [your locks]." (*Id.*). Plaintiff testified that he "always wear[s] [his] crown," including during meals. (*Id.* at 29). In other words, here, the substantial burden on Plaintiff's religious exercise was unending during the period he went without his crown. The Court has reviewed the caselaw upon which Defendant relies and does not find it analogous to the facts here.

Having reviewed Defendant's objection *de novo*, and for the reasons stated in the Report-Recommendation, the Court finds that Plaintiff has raised material issues of fact on his First Amendment Free Exercise claim.

### C. Plaintiff's Claims Under RLUIPA

Finally, Magistrate Judge Dancks recommended summary judgment be granted in Defendant's favor on Plaintiff's RLUIPA claim, finding that RLUIPA "does not authorize claims for money damages against state officers in either their individual or official capacities" and that, at any rate, Plaintiff's claim has "become moot by virtue of [his April 2018] transfer from Bare Hill." (Dkt. No. 37, at 20). Plaintiff objected to both recommendations. (*Id.* at 2, 3–4). Having

9

reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks's recommendation to dismiss Plaintiff's RLUIPA claim as moot.

In his objections, Plaintiff makes two principal arguments. First, he argues that courts have indeed authorized damages under RLUIPA. (Dkt. No. 38, at 2). In support, Plaintiff cites two out-of-circuit district court decisions, (*id.* (citing *Lighthouse Cmty. Church of God v. City of Southfield*, No. 05-cv-40220, 2007 WL 756647, 2007 U.S. Dist. LEXIS 15973 (E.D. Mich. Mar. 7, 2007); *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 490 (E.D. Va. 2006))), and an Eleventh Circuit decision. (*Id.* at 3 (citing *Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007), *abrogated by Sossamon v. Texas*, 563 U.S. 277 (2011))). Those cases, however, are not binding on the Court. Under Second Circuit caselaw, "RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities." *Holland*, 758 F.3d at 224 (citing *Washington v. Gonyea*, 731 F.3d 143, 145–46 (2d Cir. 2013) (per curiam)).

Second, Plaintiff argues that his April 5, 2018 transfer from Bare Hill to Otisville did not moot his RLUIPA claim, for which he seeks a declaratory judgment. (Dkt. No. 1, at 11; Dkt. No. 38, at 2–3). For support, in his objection, Plaintiff cites *Pugh v. Goord*, 571 F. Supp. 2d 477 (S.D.N.Y. 2008). (*Id.* at 3). While Plaintiff is correct that a prisoner's transfer from one correctional facility to another does not *always* moot claims for injunctive or declaratory relief, *see, e.g.*, *Pugh*, 571 F. Supp. 2d at 488, his RLUIPA claim here is moot.

The Supreme Court has explained that, with respect to "whether a request for declaratory relief ha[s] become moot," the question is whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395 (1975) (quoting *Maryland Casualty Co. v. Pacific Co.*, 312

10

U.S. 270, 273 (1941)). An exception to the mootness doctrine exists for challenged actions that are "capable of repetition, yet evading review." *Pugh*, 571 F. Supp. 2d at 488 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). Provided the action is not a class action—which this action is not—the exception applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy*, 455 U.S. at 482 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

Plaintiff's RLUIPA claim is moot because he cannot establish the second prong. "A case is deemed moot where the problem sought to be remedied has ceased, and where there is 'no reasonable expectation that the wrong will be repeated.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam) (quoting *Preiser*, 422 U.S. at 402); *see also Patterson v. Moore*, 591 F. App'x 622, 623 (9th Cir. 2015) ("The district court properly concluded that Patterson's RLUIPA claim for injunctive relief was moot because after bringing this action, prison officials provided Patterson the meat kosher meals that he requested." (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam))).

Here, Plaintiff's allegations stem from a single incident with Defendant Senecal and the subsequent 38 days during which he claims his sincere religious beliefs were substantially burdened at Bare Hill while Plaintiff went without his religiously-mandated crown. (Dkt. No. 30, at 12). After Plaintiff received two crowns from his uncle, the substantial burden on his religious exercise ended. (Dkt. No. 25-2 at 26, 74–77). Furthermore, the likelihood of repetition is now even lower because Plaintiff has been transferred from Bare Hill, (Dkt. No. 25-2, at 115; Dkt. No. 25-3, ¶ 3), and Defendant Senecal is no longer employed there. (Dkt. 25-4, at 1). As a result, "there is no reasonable likelihood that [Plaintiff Sherwood] will find himself in a dispute with

[Defendant Senecal] again." *Hameed v. Coughlin*, 37 F. Supp. 2d 133, 140 (N.D.N.Y. 1999). Therefore, Plaintiff's claim does not fall within this exception to the mootness doctrine and summary judgment is appropriate on Plaintiff's RLUIPA claim.

IV. **CONCLUSION**

For these reasons, it is

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation (Dkt. No. 37) is **ADOPTED**; and it is further

**ORDERED** that Defendant's motion for summary judgment, (Dkt. No. 25), is **GRANTED** as to Plaintiff's RLUIPA claim; and is otherwise **DENIED**; and it is further

**ORDERED** that Plaintiff's RLUIPA claim is **DISMISSED**; and it is further

**ORDERED** that this case is deemed trial ready and, in light of Plaintiff's requests for appointment of counsel (Dkt. Nos. 23, 29), the Court will appoint pro bono counsel for trial; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 20, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge